UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE:  CIVIL ACTION
WAR ADMIRAL, LLC

NO.  09-3217-CJB-SS

**ORDER**

PETITIONER'S MOTION TO COMPEL EXAMINATION (Rec. doc. 65)

**GRANTED IN PART AND DENIED IN PART**

On March 12, 2009, there was an accident on the Mississippi River.  In the original complaint for limitation, War Admiral, LLC, as owner, and Turn Services, LLC ("Turn Services"), as operator of the M/V War Admiral, allege that the War Admiral was struck by a tow of the Accu VI, owned by AccuMarine Transportation, LP ("Accumarine"), resulting in damage to the War Admiral and personal injuries to three deckhands, including Troy Hamrick ("Hamrick").  Rec. doc. 1.  The complaint in limitation was filed on April 3, 2009.  Accumarine alleges that the accident was the fault of the War Admiral and its crew.  Rec. doc. 5.  Hamrick alleges that: (1) at the time of the accident he was working on one of three barges being moved by the War Admiral; and (2) when the collision occurred, he was caused to fall into the barge's open hopper.  Rec. doc. 11.  He alleges that he has had eleven surgical procedures since the accident including reconstruction of the left knee, lumbar discectomy and arthroscopic surgery on both wrists.  Rec. doc. 70 (Exhibit C).  The claims by the other two deckhands were settled and dismissed in March 2010.  Rec. doc. 35.  The claims between Accumarine and Turn Services and Hamrick's claim were not settled.  Rec. doc. 31.

On July 14, 2010, the trial was set for May 16, 2010.  Rec. doc. 40.  On January 14, 2011,

Hamrick filed an unopposed motion to continue the trial. He reported that: (1) Dr. Rand Voorhies, a defense appointed physician, confirmed the recommendation for a three level lumbar fusion; and (2) the procedure was scheduled (it was performed on February 21, 2011). Rec. doc. 44. The trial was continued and reset for December 19, 2011 with a pretrial conference on November 30, 2011. Rec. doc. 46. The expert report deadlines were August 30, 2011 and September 30, 2011. Id. On April 27, 2011, Hamrick was granted leave to amend to add the insurers for Accumarine and Turn Services. Rec. doc. 56.

On September 22, 2011, Turn Services filed a motion to compel Hamrick to appear before Jeffrey Rouse, M.D., a psychiatrist. Turn Services contends that: (1) Hamrick alleges physical injuries and injuries to his psyche (Rec. doc. 11 at 15); (2) no medical records were produced calling into question his psyche; (3) on August 19, 2011, he submitted a report from Dr. Shelly Savant alleging a connection between the March 12, 2009 injuries and his psychiatric and psychological problems in connection with his life care planning assessment; (4) his past medical records demonstrate that he was seen by psychiatrists from 2007 through February 2009; (5) on September 13, 2011, it notified Hamrick of an examination by Dr. Rouse scheduled for September 21, 2011; (6) on September 16, 2011, Hamrick refused to appear for the examination; and (7) Turn Services requires Dr. Rouse's examination so that it can evaluate the claims for psyche damages. Rec. doc. 65.

Hamrick responds that: (1) Turn Services failed to demonstrate good cause for the examination; (2) it failed to comply with Fed. R. Civ. P. 35; and (3) it has known of Hamrick's mental condition because: (a) it should be obvious that anyone who is unable to work and has undergone Hamrick's treatment would have some depression; (b) during his October 5, 2010

deposition, Hamrick was asked about his mental condition and whether he had received treatment for episodes of depression, including episodes occurring before the accident; (c) on January 11, 2011 the records of Hamrick's treatment by Dr. Edward Foulks, a psychiatrist at Jefferson Parish Human Services Authority ("JPHS"), were produced to Turn Services; and (d) these records report that Hamrick became very depressed due to the accident. Hamrick also contends that the request is not timely and lists substantial discovery which must be completed before the trial.[1]

> Fed. R. Civ. P. 35(a)(1) states:
>
> The court where the action is pending may order a party whose mental or physical condition–including the blood group–is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner.

Id. The order "may be made only on motion for good cause shown and on notice to all parties and the person to be examined. . . ." Fed. R. Civ. P. 35(a)(2)(A). A plaintiff in a negligence action who asserts physical injuries places the physical injuries in controversy and provides the defendant with good cause for an examination. 8A Wright, Miller and Marcus, Federal Practice and Procedure §2234.1 (3rd ed. 2010). Rule 35 is interpreted as "a forthright attempt to provide a level playing field between the parties in their respective efforts to appraise the Plaintiff's physical state." Sauer v. Burlington Northern R. Co., 169 F.R.D. 120, 124 (D.Minn.,1996) (Citations, quotation marks and brackets omitted).

There is substantial merit to Hamrick's argument that Turn Services was aware of the connection between his injuries in the accident and his current mental condition before the submission of Dr. Savant's report. However, even though Turn Services did not seek a psychiatric

---

[1] The Court's office will contact the parties to schedule a telephone discovery conference to ensure that this discovery is completely in a timely manner.

examination before the release of Dr. Savant's report, this does not bar it from doing so after the release of the report and before the deadline for reports of experts. In the interest of providing a "level playing field" between the parties, Hamrick will be required to submit to an examination by Dr. Rouse. The parties shall proceed as follows:

1. Turn Services shall provide Hamrick with available dates with Dr. Rouse. The examination shall be scheduled for no later than **Friday, October 14, 2011.**

2. **Within five (5) working days of the examination**, Turn Services shall provide Hamrick with Dr. Rouse's report.

3. The deadline for Turn Services to provide expert reports is extended solely for purposes of submitting a report from Dr. Rouse in conformity with this order.

IT IS ORDERED that: (1) petitioner's motion to compel examination of the claimant, Troy Hamrick, (Rec. doc. 65) is GRANTED in PART and DENIED in PART as provided herein; and (2) the request for attorneys' fees is DENIED.

New Orleans, Louisiana, this 28th day of September, 2011.

**SALLY SHUSHAN**
**United States Magistrate Judge**