# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

IN RE:                                                    CIVIL ACTION
WAR ADMIRAL, LLC, et al.

                                                    NO.  09-3217-CJB-SS

## ORDER

CLAIMANT'S MOTION TO COMPEL TURN SERVICES (Rec. doc. 79)

**GRANTED IN PART AND DENIED IN PART**

The claimant, Troy Hamrick ("Hamrick"), seeks an order requiring the petitioners in limitation, War Admiral, LLC and Turn Services, LLC ("Turn Services"), to provide further discovery responses.

On March 12, 2009, there was an accident on the Mississippi River.  Turn Services alleges that the M/V War Admiral was struck by a tow of the Accu VI, owned by AccuMarine Transportation, LP ("Accumarine"), resulting in damage to the War Admiral and personal injuries to Hamrick.  Rec. doc. 1.

Hamrick alleges that: (1) at the time of the collision, the War Admiral was only one of a fleet of vessels operated by Turn Services as a unit engaged in a single enterprise and Turn Services' entire flotilla must be fairly evaluated; (2) the value of the War Admiral, the M/V Omaha, and the M/V Blackbeard with or without their cargo or the barges being moved, far exceeds the sum of $750,000.00; (3) Turn Services controlled, owned and operated nine tow boats in connection with its Mississippi River barge fleeting operations; and (4) at the time of the accident, three of these tow boats (War Admiral, Omaha, and Blackbeard) were working together in a common enterprise to

build a tow for the M/V Miss Kris.  Id. at 2 and 8-9.

Hamrick contends that, pursuant to the Flotilla Doctrine, he is entitled to discovery concerning the three Turn Service vessels and the Miss Kris.  In interrogatory no. 12, he seeks the relationship of the vessels, a description of their mission, and identification of the companies participating in the mission.  In request for production ("RFP") no. 3, he requests the vessel logs for the three Turn Services vessels.  In RFP no. 4, he seeks contracts and other information for the period from March 10 - 15, 2009, including documents relating to Turn Services' efforts to build a tow for the Miss Kriss.  Turn Services contends that the Omaha and Blackbeard were not involved in the accident and were under the control of their own captains, so the Flotilla Doctrine is not applicable to them.

The issue is whether the discovery is relevant to the claim or defense of any party.  Fed R. Civ. P. 26 (b)(1).  "(T)he determination whether such information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action."  Fed. Rule Civ. P. 26(b)(1) Advisory Committee's Note, 2000 amendments.  Under Fed. R. Civ. P. 26(b)(1) the court must focus on the claims and defenses involved in the action.  Id.  The information sought in RFP nos. 3 and 4 and Interrogatory no. 12 is relevant to Hamrick's defenses to the petition in limitation.  The scope and operation of the Flotilla Doctrine in these circumstances will have to be resolved on the merits.

RFP no. 24 seeks all prior reports made about accidents involving fog, restricted visibility or restricted visibility weather conditions including all prior accidents resulting from such incidents or accidents.  Turn Services objected on the grounds of relevance, breadth, vagueness, ambiguity, burden, and lack of limitation as to time and scope.  The objection is maintained.  Turn Services is

2

not required to provide a further response to RFP no. 24.

Hamrick seeks a summary of the medical billing information, including amounts billed by healthcare providers, amounts actually paid, treatment denied, and payments negotiated. He reports that a CD with 1400 pages of scanned documents was produced by Turn Services on February 11, 2011. He contends that: (1) this information was not updated; (2) it is not in usable form; and (3) it should be produced in a cure or account summary showing all relevant information. Rec. doc. 79 at 10-11.

Turn Services responds that: (1) all documents in its possession relating to cure were produced; (2) the cure production is supplemented as Turn Services receives it; and (3) it does not have a "cure or account summary." If Hamrick would rather have hard copies of the cure information, Turn Services will provide them at his expense. Because Turn Services does not have a cure or account summary, the request for its production is denied.

IT IS ORDERED that: (1) Hamrick's motion to compel discovery from Turn Services (Rec. doc. 79) is GRANTED in PART and DENIED in PART as provided herein; and (2) **within fourteen (14) calendar days of the entry of this order,** Turn Services shall supplement its responses to Interrogatory no. 12 and RFP nos. 3 and 4.

New Orleans, Louisiana, this 12th day of October, 2011.

**SALLY SHUSHAN**
**United States Magistrate Judge**