UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE:                                                          CIVIL ACTION
WAR ADMIRAL, LLC

                                                           NO. 09-3217-CJB-SS

## ORDER

PETITIONER'S MOTION QUASH SUBPOENA (Rec. doc. 110)

    **GRANTED**

PETITIONER'S MOTION TO QUASH REQUESTS FOR ADMISSIONS (Rec. doc. 125)

    **GRANTED**

On March 12, 2009, there was an accident on the Mississippi River. In the original complaint for limitation, War Admiral, LLC, as owner, and Turn Services, LLC ("Turn Services"), as operator of the M/V War Admiral, allege that the War Admiral was struck by a tow of the Accu VI, owned by AccuMarine Transportation, LP ("Accumarine"), resulting in damage to the War Admiral and personal injuries to Troy Hamrick ("Hamrick"). Rec. doc. 1. Hamrick alleges that: (1) at the time of the accident he was working on one of three barges being moved by the War Admiral; and (2) when the collision occurred, he was caused to fall into the barge's open hopper. Rec. doc. 11. He has had multiple surgical procedures since the accident including reconstruction of the left knee, lumbar discectomy and arthroscopic surgery on both wrists. Rec. doc. 70 (Exhibit C).

    Hamrick amended his claim to allege that:

        As a Jones Act seaman and under the general maritime law, Troy Hamrick is entitled to maintenance and cure from his employer, Turn Services, LLC. Turn Services has persistently delayed payments for necessary cure and it has wrongfully

>   and deliberately issued partial payments of medical expenses under the wholly
>   inapplicable Louisiana Worker's Compensation fee schedules, while deliberately
>   seeking to classify such payments as "final payments" or as "payments in full". Turn
>   Services has also refused to pay for certain medical expenses incurred to date and
>   delayed Troy Hamrick's medical care as well.  Should the evidence at trial confirm
>   that Turn Services has acted in wilful and wanton disregard of its maintenance and
>   cure obligations by arbitrarily, capriciously, willfully, callously and/or persistently
>   failing to honor its obligations to timely pay plaintiff's maintenance or cure, then in
>   such an event, Turn Services and its insurers should also be held liable for all
>   attorney's fees, punitive damages, and costs as are allowed by law, in addition to
>   Troy Hamrick's general and special damages herein.

Rec. doc. 57 at 4-5.

Hamrick alleges that Aucoin Claim Services ("Aucoin") has administered Hamrick's "cure" on behalf of Turn Services since the inception of the litigation.  He served Aucoin with a notice of records deposition for two categories of information.  The first pertains to Aucoin's handling of his medical bills.  For example, Hamrick seeks "audits, reviews, reductions, approval and refusals. . . ." Rec. doc. 110 (Attachment at 2).  The second category is not limited to Hamrick's "cure."  For example, it includes "[y]our policies or procedures pertaining to the auditing of medical bills or requests for medical services by Troy Hamrick and other Jones Act employees. . . ." Id.

Turn Services contends that the subpoena should be quashed because it seeks information which is not relevant since it has stipulated to being responsible for the cost of approved medical treatment.  It refers to an October 13, 2011 email from its counsel to counsel for Hamrick which was sent following a telephone discovery conference.  Rec. doc. 105.[1]  The information sought by Hamrick is not relevant.  In addition, the second category is unduly broad, unlimited as to time, and

---

[1] There was telephone discovery conference on October 13, 2011.  Prior to the conference, Hamrick requested assistance with an issue concerning Rule 30(b)(6) deposition notices for Turn Services and War Admiral.  A procedure was established for resolving the issue.  On October 18, 2011, an order was issued adopting the form of notices submitted by Turn Services and War Admiral. Rec. doc. 106.  Hamrick appealed this order and other orders.  Rec. doc. 120.

ambiguous. The motion to quash will be granted.

On September 30, 2011, Hamrick served Turn Services with requests for admission ("RFA"). Rec. doc. 125 (Attachment). These RFAs relate to the allegation in the amended complaint that Turn Services acted in wanton disregard of its obligation to pay maintenance and cure. For example, RFA no. 5 seeks an admission as to the authenticity of a document related to Hamrick's medical treatment at Louisiana Medical Management Corporation, 2830 Canal Street, New Orleans, Louisiana. The document has an explanation of benefits which refers to a "Workers' Compensation Bill." Rec. doc. 125 (Attachment-Exhibit A).

Turn Services contends that the issue raised by the discovery is moot because: (1) it has stipulated that it was financially responsible for the cost of approved medical treatment; (2) it wrote the October 13 email to that effect; (3) it has been paying Hamrick's maintenance and cure; (4) it produced all maintenance and cure information in its possession; and (5) it provided Hamrick with a summary sheet of all maintenance and cure payments. Rec. doc. 125 at 1-2. The motion to quash will be granted as to the request for admissions.

IT IS ORDERED that: (1) Turn Services' motion to quash notice of records depositions (Rec. doc. 110) is GRANTED; and (2) its motion to quash request for admissions (Rec. doc. 125) is GRANTED.

New Orleans, Louisiana, this  4th  day of November, 2011.

**SALLY SHUSHAN**
**United States Magistrate Judge**