UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: WAR ADMIRAL, L.L.C., ET AL.　　　　　　CIVIL ACTION

NO: 09-3217

SECTION: "J" (1)

**ORDER AND REASONS**

Before the Court are Claimant Troy Hamrick's Motion to Strike Report and Testimony of Barney Hegwood for Violation of the Court's Scheduling Order (Rec. Doc. 127), Petitioners-in-Limitation War Admiral, L.L.C. and Turn Services, L.L.C.'s Opposition (Rec. Doc. 143), and Claimant's Reply (Rec. Doc. 149), on supporting memoranda without oral argument. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that Claimant Troy Hamrick's Motion to Strike Report and Testimony of Barney Hegwood for Violation of the Court's Scheduling Order (Rec. Doc. 127) should be DENIED.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

This limitation action arises from a collision on the

Mississippi River near Meraux, Louisiana.  The owner and operator of the M/V WAR ADMIRAL ("Petitioners in Limitation" or "Petitioners"), one of the vessels involved in the collision, filed a petition seeking to eliminate or limit its liability. Troy Hamrick ("Claimant"), a deckhand aboard one of the involved barges, allegedly suffered injury and filed a claim in the limitation action.  The WAR ADMIRAL is owned by Petitioner War Admiral, L.L.C. ("War Admiral") and was operated by Petitioner Turn Services, L.L.C. ("Turn Services").

This Court's scheduling order required that any written reports of defense experts be delivered to counsel for plaintiff no later than September 30, 2011.  Rec. Doc. 46, at 2.[1]  On September 28 (only two (2) days before the defense expert report deadline), Magistrate Judge Shushan reaffirmed this deadline. Rec. Doc. 71, at 4.  Although she extended the timeline for Turn Services to provide Hamrick with Dr. Jeffrey Rouse's expert report, she clarified that "[t]he deadline for Turn Services to provide expert reports is extended solely for purposes of submitting a report from Dr. Rouse in conformity with this

---

[1] The parties do not dispute that this "defense" expert report deadline applied to Petitioners.

order." Id.[2]  On September 30—the defense expert deadline—Petitioners filed an amended witness list naming "Barney Hedgwood" as a witness.  Rec. Doc. 76, at 2.  On October 13, Petitioners faxed to Claimant a report of Barney Hegwood, a purported expert life care planner (Rec. Doc. 127-2, at 1); said report was dated October 7, 2011 (Rec. Doc. 127-2, at 2).  Thus, Claimant files the instant motion to strike Hegwood's report and proposed testimony for violation of Petitioners' September 30 expert report deadline.

## THE PARTIES' ARGUMENTS

Claimant argues that Hegwood's report violates orders of this Court because it was not received until long after Petitioners' September 30 deadline.  Thus, Claimant argues, Hegwood's report and testimony should be stricken.  Claimant states that although at the October 4 telephone status conference with the Magistrate, there was an informal discussion regarding a possible extension to address the possible impact Dr. Rouse's report would have on future medical expenses, this conference occurred after Petitioners' September 30 expert report deadline.

---

[2] Notably, this Court previously struck any purported report of Dr. Rouse for Petitioners' failure to timely deliver said report.  Rec. Doc. 154.

Further, Dr. Rouse's report never materialized, and Dr. Rouse examined Claimant *after* Hegwood's report was written. Thus, Turn Services improperly produced Hegwood's report, which is an entirely new report for a new expert that does not even mention Dr. Rouse's report. Claimant asserts that without Dr. Rouse's report, Hegwood has nothing "new" to offer regarding Claimant's psychological treatment.

Petitioners argue that their submission of Hegwood's report was within the extended deadline set forth by Magistrate Shushan during the October 4 telephone conference. They aver that during the conference, the Magistrate extended the deadline for producing all reports, specifically those regarding future medicals, through the end of October. Further, Petitioners named Hegwood as a witness on their witness list filed on September 30; thus, Claimant knew that Hegwood's testimony and report would be offered and is not prejudiced by the admission of same. They also argue that even if the report was not produced timely, its lack of timeliness is both substantially justified and harmless. The justification results from the Magistrate's extension during the October 4 conference. Any untimeliness is harmless because the report was produced well in advance of trial and only two weeks after the original deadline of September 30, and because

Hegwood was timely designated as a witness. The report is important in determining Claimant's future medical care.

Claimant replies that Magistrate Shushan did not extend the expert report deadline during the October 4 telephone conference. That conference addressed discovery problems and the need for a settlement conference. Claimant asserts that the name "Barney Hegwood" was not mentioned during the conference. The conference generally discussed the effect of Dr. Rouse's examination—how it might necessitate review of the doctor's findings to evaluate the issue of future medical expenses. Claimant argues that the admission of Hegwood's report and testimony would unfairly prejudice him because he does not know how Dr. Rouse's opinions might affect Petitioners' stance concerning future medical expenses.

**DISCUSSION**

Federal Rule of Civil Procedure 6(b) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Federal Rule 16(b)(4) permits a schedule to be modified only for good cause and with the judge's consent.

5

Rule 37(c), cited by Petitioners, does not apply because that rule addresses the failure to make certain disclosures or to supplement prior responses. Hegwood's name was properly disclosed by Petitioners' September 30 witness list deadline. Thus, the instant motion is more properly decided under Rules 6(b) and 16(b), both of which require, at a minimum, "good cause" for a time extension.

The Court finds that Petitioners' expert report deadline did not extend beyond September 30. The sole extension by the Magistrate Judge was for the production of Dr. Rouse's report. Petitioners were given until five working days from Dr. Rouse's examination to produce his report. They never did so, and this Court ordered that his testimony and any purported report of his be stricken (Rec. Doc. 154) due to Petitioners' failure to meet that extended deadline. Petitioners offer no evidence that the Magistrate orally extended Petitioners' September 30 expert report deadline during the October 4 telephone conference. The minute entry from that conference merely states that a conference was held and the names of the participating attorneys. Rec. Doc. 114, at 1. Further, the Court agrees with Claimant that it would make no sense for the Magistrate to have extended the expert report deadline until October 31, which was the discovery cutoff

date.  Hegwood's report was untimely produced in violation of this Court's scheduling order (Rec. Doc. 46).

The question is whether this violation should be excused—whether the harsh sanction of striking Hegwood's report and testimony should result.  This inquiry is phrased as whether there is "good cause" for the Court to grant an after-the-fact extension.  See Fed. R. Civ. P. 6(b); 16(b)(4).  Petitioners cite the four-factor test in Campbell v. Keystone Aerial Surveys, Inc., 138 F.3d 996, 1000 (5th Cir. 1998):  "(1) the importance of the witness's testimony; (2) the prejudice to the opposing party if the witness is allowed to testify; (3) the possibility that a continuance would cure potential prejudice; and (4) the explanation given for the failure to identify the witness."  This test is not binding because Campbell addressed a late-designated expert—not a late-produced expert report.  However, the Court applies it as a useful tool in determining whether "good cause" exists for granting an after-the-fact extension to make the Hegwood report timely.

Hegwood's testimony as a life care planner is potentially important to Petitioners' arguments at trial concerning the value of future medical expenses as a component of Claimant's damages.  Petitioners argue that Claimant will not be prejudiced by the

7

admission of the late-produced report because Hegwood was timely listed as a witness. However, the mere fact that the amended witness list included Hegwood's name did not provide Claimant with notice of the nature of Hegwood's possible testimony or that he is a purported expert witness. Still, a report production tardy by two weeks, at which time over two months remained until trial, does not necessarily prejudice Claimant's ability to obtain and prepare evidence countering any testimony by Hegwood. To cure any potential prejudice, this Court could grant leave to Claimant to take certain action, for example, filing a motion *in limine* regarding Hegwood's report.[3] The only factor weighing in favor of granting the instant motion is that Petitioners do not give any explanation for their violation of the scheduling order. Instead, they argue that the October 4 telephone conference extended the deadline—an argument this Court rejects. After considering these factors, the Court chooses to exercise its discretion not to exclude Hegwood's report and testimony.

Although Claimant makes out Petitioners' tardiness to be violative of a Court order—which is an accurate

---

[3] The deadline for filing motions *in limine* regarding the admissibility of expert testimony passed on November 4, 2011. Rec. Doc. 46, at 1. However, with several weeks remaining until trial, the Court could permit a brief extension for any such motion and opposition regarding the admissibility of Hegwood's testimony to be filed.

characterization—the Court does not believe that Petitioners were in bad faith. Claimant's motion to strike is based on what appears to be Petitioners' lateness of a garden-variety sort. Although the Court does not condone the late production of Mr. Hegwood's report, there is good cause in this case not to sanction Petitioners with the exclusion of his report and testimony at trial.

For the foregoing reasons, **IT IS ORDERED** that Claimant's Motion to Strike Report and Testimony of Barney Hegwood for Violation of the Court's Scheduling Order (Rec. Doc. 127) be and the same is hereby **DENIED**.

New Orleans, Louisiana this 23rd day of November, 2011.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE